### HAWTHORNE v. BANKERS' LIFE CO.
### No. 7948.

District Court, W. D. Missouri, W. D. Aug. 28, 1931.

C. O. French, of Kansas City, Mo., for plaintiff.

McAllister, Humphrey, Pew & Broaddus, of Kansas City, Mo. (Alberson, Nourse & Lorentzen, of Des Moines, Iowa, on the brief), for defendant.

OTIS, District Judge.

In this cause the plaintiff, as beneficiary in a policy of insurance on the life of one Samuel C. Hawthorne, seeks to recover on that policy. There is no controversy that a policy (No. 426433) was issued, that its face amount was $10,000, that the plaintiff was therein named as beneficiary, and that Samuel C. Hawthorne died March 27, 1930. The issue is as to whether the policy was in force on the date of Hawthorne's death.

On the policy in question a quarterly premium was due October 3, 1925. It was not then paid nor was it paid within the grace period. By its terms the policy thereupon ceased and determined, subject, however, to a nonforfeiture provision as follows: " * * * The insurance will be automatically extended from date of default in premium payments, without participation in surplus, for a sum equal to the face

of the policy and existing dividends thereon, less any indebtedness to the Company thereon. \* \* \*. The term of extended insurance \* \* \* will be such as the cash surrender value hereinafter provided for will purchase at net single premium rates. \* \* \* "

It was provided in the policy that to determine the cash surrender value there should be deducted from its entire net reserve "any indebtedness on the policy." The Missouri statute (section 5741, Rev. St. Mo. 1929), less favorable to the insured than was the provision of this policy, also authorizes that deduction of "other indebtedness to the company."

On October 3, 1925, Hawthorne was indebted to the Company (on a demand note secured by the policy) in the amount of $1,201.29. If there was deducted from the net reserve on the policy and if the extended insurance to which Hawthorne was entitled was that which could be purchased by the difference then such extended insurance expired December 20, 1926, or several years before Hawthorne's death.

I think there can be no question that the loan to Hawthorne was such "indebtedness on the policy" as the company was authorized to deduct in determining the cash surrender value for the purpose of arriving at the term of the extended insurance. Moreover, it is my view that the provisions of the policy touching loans and the provision of the loan agreement in this instance did not modify or in any way affect the Company's right to deduct at the time of default the then outstanding indebtedness on the policy from the net reserve in calculating what was the surrender value to be used automatically in the purchase of extended insurance. The automatic extension which resulted involved a cancellation of the indebtedness. Thereafter the insured had no option to discharge it by payment.

I make findings of facts as follows:

1. The insured defaulted in payment of premiums on the policy in suit on October 3, 1925.

2. On October 3, 1925, the insured was indebted on the policy in the amount of $1,201.29. The net reserve of the policy was then $1,420. The cash surrender value was $218.71.

3. The cash surrender value on October 3, 1925, was sufficient to and automatically did purchase for the insured extended insurance for a period ending December 20, 1926.

4. The insured died March 27, 1930.

I conclude as a matter of law that the plaintiff cannot recover in this case since the contract on which she sues had expired long prior to the date of the death of the insured.

The defendant should have judgment. A form of decree may be prepared and submitted for approval and entry.